UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**WILLIAM F. NAGLE,**

                             **Plaintiff,**

               **-v-**                           **5:11-CV-855**

**COMMISSIONER OF SOCIAL SECURITY,**

                             **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Charles E. Binder, Esq.
Eddy Pierre Pierre, Esq.
Binder, Binder Law Firm
60 East 42nd Street
Suite 520
New York, New York 10165
*Attorneys for Plaintiff*

Andrea L. Lechleitner, Esq.
Karen G. Fiszer, Esq.
Special Assistant U.S. Attorney
Social Security Administration
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278

Thomas C. Gray, Esq.
Office of Thomas C. Gray
385 East 18th Street, #5M
Brooklyn, New York 11226
*Attorneys for Defendant*

**Hon. Norman A. Mordue, Senior District Judge:**

# MEMORANDUM-DECISION AND ORDER

## INTRODUCTION AND BACKGROUND

Plaintiff commenced this action on July 21, 2011, seeking review of the Commissioner's

denial of his application for social security disability benefits under the Social Security Act. (Dkt.

No. 1). The Court issued a Memorandum-Decision and Order on June 23, 2014, entering judgment in plaintiff's favor and remanding the matter for calculation of benefits. (Dkt. No. 16). As the prevailing party, plaintiff moved (Dkt. No. 18) for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff was awarded $4,720.00 in EAJA fees. Plaintiff now moves for fees under Section 206(b) of the Social Security Act, in the amount of $14,499.00, representing 25% of the past due benefits awarded to plaintiff, further stating that upon payment of this amount, counsel will refund the previously awarded EAJA fees. (Dkt. No. 22). The Commissioner does not object, noting that the requested amount does not appear to be unreasonable. (Dkt. No. 23)

**DISCUSSION**

Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), provides that

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b). Within this 25 percent boundary, the attorney must show the fee sought is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The court should look first to the contingent-fee agreement, and then test for reasonableness based on the character of the representation and the results the representative achieved. *Id.* at 808. "If benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is [] in order." *Id.* (citations omitted).

Counsel for plaintiff has provided a copy of the Retainer Agreement signed by plaintiff, a

-2-

time log for the hours spent on the case, and an affidavit describing the background of the case, and the experience of the attorneys who worked on the matter, and has represented that he will refund the previously awarded Equal Access to Justice fees to plaintiff. Plaintiff requests $14,499.00 for the 26.25 hours of services rendered before the Court, resulting in an hourly rate of $372.53.

Having reviewed plaintiff's submissions, the Commissioner's response, and having considered the facts of this case, the Court finds plaintiff's fee request is reasonable. Accordingly, plaintiff's motion is granted.

## CONCLUSION

For these reasons, it is therefore

ORDERED that plaintiff's motion (Dkt. No. 22) for attorneys' fees pursuant 42 U.S.C. § 406(b), is GRANTED in the amount of $14,499.00; and it is further

ORDERED that upon payment, counsel for plaintiff shall refund the previously awarded Equal Access to Justice Act fees to plaintiff.

IT IS SO ORDERED.

Date: March 31, 2016

Norman A. Mordue
Senior U.S. District Judge